CLARENCE S. ALLEN,

        Petitioner,

vs.                                      Case No. 3:08-cv-401-J-34MCR

WALTER A. MCNEIL,
et al.,
        Respondents.

**<u>ORDER</u>**[1]

Petitioner Clarence S. Allen, who is proceeding <u>pro se</u> and <u>in forma pauperis</u>, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) under 28 U.S.C. § 2254 on April 17, 2008, pursuant to the mailbox rule. On April 23, 2009, Allen filed a Second Amended Petition (Doc. #30), in which he challenges a 2000

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

state court (Duval County, Florida) judgment of conviction for sexual battery on the following grounds:

> **GROUND ONE**: the federal court system's review of petitions by state prisoners are construed and procedurally barred by want of exhaustion.
>
> **GROUND TWO**: is that the delay caused by the state court clerk's unregulated response docket has made claim processing and exhaustion routes unavailable.
>
> **GROUND THREE**: the sentence is illegal and unconstitutional.
>
> **GROUND FOUR**: the seizure arrest was unreasonable and unconstitutional.

Second Amended Petition at 6, 7, 9, 10.

Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Petition (Response) (Doc. #53).[2] On July 24, 2009, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #37), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on May 7, 2010. See Petitioner's Reply to Respondents' Response to Second Amended Petition (Reply) (Doc. #56). This case is ripe for review.

Respondents contend that Allen's Petition in this Court has been prematurely filed since his amended Rule 3.850 motion for post conviction relief, see Resp. Ex. 15, is still pending in state

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

court.  Response at 4.  For this reason, Respondents request the dismissal of this case without prejudice to Allen's right to refile a petition in federal court upon completion of the state court proceedings.  Id. at 9.  In the Second Amended Petition, Allen acknowledges that his amended Rule 3.850 motion for post conviction relief is still pending in state court.  See Second Amended Petition at 6, 8, 9-10, 11.  In reply to Respondents' Response, Petitioner requests that this Court impose sanctions upon the Respondents for unnecessary and unreasonable delays in responding to the merits of his claims.  See Reply (Doc. #56); Motion for Sanctions (Doc. #57).

Since it appears that Allen's amended Rule 3.850 motion for post conviction relief is still pending in state court and that he has raised claims in the amended motion that are also presented in the Second Amended Petition now before this Court, Respondents' request for dismissal will be granted and this case will be dismissed without prejudice to give Petitioner the opportunity to complete his action in state court and to exhaust his state court remedies.  Upon completion of his action in the state trial and appellate courts, Petitioner may fully complete and file the enclosed habeas corpus petition form.

Therefore, it is now

1. Petitioner's Motion for Sanctions (Doc. #57) is **DENIED.**

2. Respondents' Motion to Dismiss Petition (Doc. #53) is **GRANTED**.

3. This case is **DISMISSED WITHOUT PREJUDICE**.[3]

4. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

5. The Clerk of the Court shall close this case.

6. The Clerk of the Court shall send Petitioner a habeas corpus petition form and an Affidavit of Indigency form for his use in refiling after completion of the proceedings in the state courts.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of May, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 5/26

---

[3] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitations for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitations is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitations period. See Duncan v. Walker, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitations period under § 2244(d)(2)).

c:
Clarence S. Allen
Ass't Attorney General (Duffy)